IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No.: 4:06-583-TLW |
| | ) | |
| BURNIE LEE RANDALL, | ) | |
| | ) | |

# ORDER

This matter comes before the Court for consideration of the defendant's "motion for the court to apply equitable tolling concerning petitioner-appellant's direct appeal rights." (Doc. # 420). In this motion, the defendant argues that the attorney of record in his case failed to file a notice of appeal when asked to do so. Defendant argues that this failure amounted to ineffective assistance of counsel because the defendant lost his ability to protect his rights.

This Court now advises the defendant that this Court intends to construe his motion as a Motion to Vacate pursuant to 28 U.S.C. § 2255. The defendant has the right to consent to this characterization or to ask that the Court decide the motion as filed. If the defendant does not wish for this motion to be construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, he must inform the Court within twenty-one days of the date of this Order that he desires the Court to decide the motion as filed. If construed as a Motion to Vacate, the defendant shall have the opportunity to supplement or amend his motion to the extent permitted by law.

This Court cautions the defendant that, as a consequence of converting the motion to a Motion to Vacate pursuant to 28 U.S.C. § 2255, any later attempt to file a § 2255 motion would be subject to the rules of dismissal for filing a second or successive petition. Section 2255 provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)

Furthermore, this Court cautions that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period. Specifically, the rule reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)

**IT IS SO ORDERED**

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Court

November 10, 2010
Florence, South Carolina