UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Case No.  4:06-cr-583-TLW |
| vs. | ) | |
| | ) | ORDER |
| Burnie Lee Randall, | ) | |
| _____ | ) | |

This matter is before the Court on the Defendant's pro se motion, filed on November 29, 2010, to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), and for appointment of counsel.  (Doc. # 538).

This Court previously sentenced the Defendant on November 20, 2007, to a term of imprisonment of one hundred eighty (180) months , and the judgment was entered accordingly on January 14, 2008.  In the present motion, pursuant to 18 U.S.C. § 3582(c)(2), Defendant requests the Court to give retroactive effect to the Fair Sentencing Act of 2010[1] which narrowed the gap in sentencing between crack cocaine and powder cocaine by raising the threshold quantity for imposition of a 5-year mandatory minimum sentence from five (5) grams of crack cocaine to twenty-eight (28) grams of crack cocaine; and by raising the threshold quantity for imposition of a 10-year mandatory minimum sentence from fifty (50) grams of crack cocaine to two hundred eight (280) grams of crack cocaine.

A judgment of conviction that includes a sentence of imprisonment is generally considered a final judgment for all purposes. There are very limited circumstances which allow a court to modify a term of imprisonment. 18 U.S.C. § 3582(b), (c). Those limited circumstances only allow

_____

[1]Pub. L. No.111-220, 124 Stat. 2372 (August 3, 2010).

a court to modify a term of imprisonment if "the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). In this case, the Director of the Bureau of Prisons has not filed any motions. The Government has not filed a Rule 35 motion and has opposed the Defendant's motion. The Fair Sentencing Act is not a statute which expressly permits the court to modify a sentence; in fact, it does not state that it applies retroactively to defendants whose offense conduct occurred before its effective date of August 3, 2010. United States v. Wilson, No. 10-4160, 2010 WL 4561381, at *2 (4th Cir. Nov. 12, 2010); United States v. Nelson, No. 09-4297, 2010 WL 4676614 at*1 (4th Cir. Nov. 18, 2010); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010); United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010). The Savings Clause of 1 U.S.C. § 109[2] requires the Court to apply the penalties in place at the time the crime was committed unless the new statute expressly provides for retroactive application. See Carradine, 621 F.3d at 580. The FSA does not contain any provision that the law is retroactive.  The Fourth Circuit has indicated that the FSA is not retroactive.  See, U.S. v. Pearson, 2011 WL 807397, *1 (4th Cir. 2011).  Therefore, the penalty provisions at the time the crime was committed apply.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

---

[2]"The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the

Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a**

**reduction is consistent with applicable policy statements issued by the Sentencing**

**Commission**." (Emphasis added).  The applicable policy statement is found in U.S.S.G. § 1B1.10(a).

This section provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.

The Fourth Circuit has held that only amendments listed in § 1B1.10(c) may be the subject

of a motion under 18 U.S.C. § 3582(c)(2). See United States v. McHan, 386 F.3d 620, 622 (4th Cir.

2004). As of the date of this order, the amendment to the guidelines which was mandated by the FSA

(Amendment 748) is not listed in U.S.S.G. § 1B1.10(c). Therefore, a reduction of the defendant's

sentence is not consistent with any policy statement by the Commission.[3]

---

[3]Additionally, the Commission does not have authority to give temporary, emergency amendments retroactive effect. Section 8 of the Fair Sentencing Act, referencing the procedure set forth in section 21(a) of the Sentencing act of 1987 (28 U.S.C. 994 note), does not empower the Commission to make the revised guidelines retroactive. "Ordinarily, the Commission must submit proposed guidelines or amended guidelines to Congress for approval by May 1. 28 U.S.C. Section 994(p). Under normal circumstances, the proposed guidelines or amended guidelines will not take effect until November 1, after being approved by Congress. Id. Section 21 simply provides a vehicle to forego Congressional review and enact temporary guidelines or make temporary amendments under the three 'emergency' circumstances enumerated in section 21(a)(1)-(3)." United States v. DeLeon, 330 F.3d 1033, 1037 (8th Cir. 2003). Agencies are not empowered to establish retroactive regulations "unless that power is conveyed by Congress in express terms." Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988).

For the reasons stated above, the court finds that the Defendant has not set forth a sufficient basis to warrant a modification or reduction in his sentence, and therefore, the motion is hereby **DENIED**.  (Doc. # 538).[4]

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

March 18, 2011
Florence, South Carolina

---

[4]Defendant's request for appointment of counsel is also **DENIED**.  (Doc. # 538).